1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

KRISTOPHER C.,

11

Plaintiff,

12

v.

13

COMMISSIONER OF SOCIAL
SECURITY,

14

Defendant.

15

CASE NO. 3:19-CV-5949-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

16

17

18

19

20

21

22

23

24

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of

Defendant's denial of Plaintiff's application for Supplemental Security Income ("SSI"). Pursuant

to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties

have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

After considering the record the Court concludes the Administrative Law Judge ("ALJ")

erred by not providing specific, legitimate reasons for discounting the opinion of examining

psychologist Dr. Greenfield and reviewing psychologist Dr. Eisenhauer. Had the ALJ properly

considered this evidence, the RFC may have contained additional limitations.

1    Accordingly, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C.

2    § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings

3    consistent with this Order.

4                    FACTUAL AND PROCEDURAL HISTORY

5    On September 15, 2009, Plaintiff filed an application for Disability Insurance Benefits

6    ("DIB") alleging a disability onset date of December 14, 2004. Administrative Record ("AR")

7    106. Plaintiff's application was denied initially and upon reconsideration. *Id.* A hearing was held

8    before ALJ Robert P. Kingsley on September 13, 2011. *Id.* On November 17, 2011, ALJ

9    Kingsley issued a decision finding that Plaintiff was not disabled. AR 103-16. The Social

10   Security Appeals Council denied Plaintiff's request for review on January 4, 2013. AR 121-26.

11   On September 3, 2015, Plaintiff filed new applications for DIB and SSI, again alleging a

12   disability onset date of December 12, 2004. *See* Dkt. 6, AR 15, 335-40, 341-42. Plaintiff was

13   found ineligible for Disability Insurance Benefits, and his application for SSI was denied initially

14   and upon reconsideration. AR 15, 163-66, 167-75, 179-89. A hearing was held before ALJ

15   Marilyn Mauer on June 14, 2017, and supplemental hearings were held on February 2, 2018 and

16   June 25, 2018. AR 47-61, 62-65, 66-102. In a decision dated July 31, 2018, ALJ Mauer found

17   that Plaintiff was not disabled. AR 12-35. The Social Security Appeals Council denied Plaintiff's

18   request for review on August 7, 2019. AR 1-6. The ALJ's decision of July 31, 2018 is the final

19   decision of the Commissioner subject to judicial review. *See* 20 C.F.R. § 416.1481.

20   In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to properly

21   assess opinion evidence from Curtis Greenfield, Psy.D. and Renee Eisenhauer, M.D.; and (2)

22   finding that Plaintiff's Hepatitis C was a non-severe impairment at step two of the sequential

23   evaluation. Dkt. 10, pp. 4-10.

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

DISCUSSION

**I.      Whether the ALJ erred in evaluating the medical opinion evidence.**

Plaintiff contends that the ALJ erred in evaluating the opinions of examining psychologist Dr. Greenfield and non-examining psychologist Dr. Eisenhauer. Dkt. 10, pp. 5-8.

In assessing an acceptable medical source, an ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

**A.      Dr. Greenfield.**

Dr. Greenfield examined Plaintiff twice for the Washington Department of Social and Health Services ("DSHS").

Dr. Greenfield first examined Plaintiff on October 2, 2014. AR 713-17. Dr. Greenfield's evaluation consisted of a clinical interview, a mental status examination, and a review of case notes from Plaintiff's social worker. Based on this evaluation, Dr. Greenfield diagnosed Plaintiff with "Bipolar I Disorder, Manic, Severe without Psychotic Feature" and found that Plaintiff had a range of marked and severe work-related mental limitations. AR 714-15.

1    Dr. Greenfield examined Plaintiff again on December 14, 2017. AR 2238-42. Dr.

2    Greenfield's evaluation again consisted of a clinical interview, a mental status examination, and

3    a review of case notes from Plaintiff's social worker. Based on this evaluation, Dr. Greenfield

4    classified Plaintiff's mental impairment as "Bipolar I Disorder, Current Episode Depressed,

5    Mild" and opined that Plaintiff would have a range of moderate, marked, and severe work-

6    related limitations, and that the overall severity of his impairments would be severe. AR 2239-

7    40. Dr. Greenfield stated that on a more probable that not basis, Plaintiff had reached maximum

8    medical improvement and was not a good candidate for regular participation in the workforce.

9    AR 2241.

10    The ALJ assigned "little weight" to Dr. Greenfield's opinions, reasoning that: (1) Dr.

11    Greenfield assessed essentially the same level of functional limitation in both opinions, even

12    though he first diagnosed Plaintiff with "severe" bipolar disorder and then modified his diagnosis

13    to "mild" bipolar disorder; (2) Dr. Greenfield based his opinions on Plaintiff's subjective reports;

14    (3) Dr. Greenfield's statement that Plaintiff had reached maximum medical improvement and

15    was not a good candidate for regular workforce participation was highly speculative and not

16    consistent with the record as a whole; (4) Plaintiff failed to disclose that he was engaging in

17    under-the-table work; and (5) the limitations assessed by Dr. Greenfield are inconsistent with

18    Plaintiff's activities of daily living. AR 32.

19    With respect to the ALJ's first reason, Dr. Greenfield did assess Plaintiff as having fewer

20    limitations in his 2017 opinion. In his 2014 opinion, Dr. Greenfield opined that Plaintiff had

21    marked limitations in understanding, remembering, and persisting in tasks by following very

22    short and simple instructions and in being aware of normal hazards and taking appropriate

23    precautions, but in his 2017 opinion, Dr. Greenfield assessed Plaintiff as having only moderate

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

limitations in these functional domains. AR 2240, compare with AR 715. In his 2014 opinion, Dr. Greenfield found that Plaintiff had severe limitations in understanding, remembering, and persisting in tasks by following detailed instructions, making simple work-related decisions, and setting realistic goals and planning independently, but in his 2017 opinion, he found that Plaintiff only had marked limitations in these domains. *Id.*

Further, the language of Dr. Greenfield's opinions is clear that the limitations contained in his 2014 opinion were assessed during a "manic" phase in Plaintiff's bipolar disorder, while the limitations in his 2017 opinion were rendered during a "depressive" phase. AR 714, 2239.

The Court notes that claimants who suffer from mental conditions may have symptoms that wax and wane, with downward cycles, cycles of improvement, and mixed results from treatment. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014).

Especially when a claimant suffers from bipolar disorder, the symptoms are cyclical, and a difference in functional capacity between manic and depressive episodes does not necessarily constitute substantial evidence for purposes of overriding a physician's opinion that a claimant is significantly impaired. *See Buck v. Colvin,* 540 Fed. Appx. 772, 773 (9th Cir. 2013) quoting *Agyeman v. I.N.S.,* 296 F.3d 871, 881 (9th Cir.2002) ("Bipolar disorder is a severe psychiatric illness marked by *episodes* of mania and depression, impairment of functioning—both cognitive and behavioral, and is frequently complicated by psychotic symptoms (e.g. delusions, hallucinations, and disorganized thinking).") (emphasis in original). Accordingly, Dr. Greenfield's opinions are consistent with his diagnosis of bipolar disorder, and the ALJ did not provide a specific and legitimate reason for discounting them.

As for the ALJ's second reason, an ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible."

*Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). This situation is distinguishable from one in which the doctor provides her own observations in support of her assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing *Ryan*, 528 F.3d at 1199-1200).

Here, Dr. Greenfield utilized objective measures such as a clinical interview and a mental status examination in forming his opinion. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (a psychiatrist's clinical interview and MSE are "objective measures" which "cannot be discounted as a self-report."). In his 2017 opinion, Dr. Greenfield stated that while Plaintiff did not exhibit any symptoms during his examination, he recommended ongoing therapy and medication "given [Plaintiff's] history, previous evaluation, and the nature of this diagnosis" and recommended a medication management service and a protective payee due to Plaintiff's frequent manic episodes. AR 2241.

Dr. Greenfield was clear that a lack of observable symptoms during his 2017 evaluation did not mean that Plaintiff's symptoms had abated, and based his opinion on the history Plaintiff provided during his clinical interview, previous evaluations, and the waxing and waning of symptoms typical in individuals diagnosed with bipolar disorder. As such, the conclusion that Dr. Greenfield relied largely upon Plaintiff's self-reports in forming his opinion is not supported by substantial evidence.

With respect to the ALJ's third reason, an ALJ need not accept an opinion which is inadequately supported "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359

1  F.3d 1190, 1195 (9th Cir. 2004). But an ALJ cannot reject a physician's opinion in a vague or

2  conclusory manner. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing

3  *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

4        In stating that Dr. Greenfield's opinion concerning medical improvement and workforce

5  participation was "highly speculative and not consistent with the record as a whole" the ALJ has

6  rejected Dr. Greenfield's opinion in a conclusory manner, and has not explained why Dr.

7  Greenfield's opinion, which was based on his observations and objective findings, was

8  speculative or inconsistent with the record.

9        As for the ALJ's fourth reason for discounting Dr. Greenfield's opinions, when the work

10  restrictions assessed by a physician are based on a Plaintiff's inaccurate statements, an ALJ is

11  entitled to discount a physician's opinion to the extent that the opinion relies on those statements.

12  *Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

13        Here, the ALJ reasoned that Plaintiff did not tell Dr. Greenfield that he was engaging in

14  under-the-table work despite his impairments. AR 32. The record contains several ambiguous

15  statements concerning the nature and extent of Plaintiff's work activity since his application date.

16  During the hearing, Plaintiff testified that he had not engaged in any work since the prior ALJ

17  hearing, except for engaging in drug trafficking, for which he served approximately 18 months in

18  prison. AR 52.

19        The ALJ found that Plaintiff had engaged in "under-the-table" work since 2011, but was

20  unable to determine the extent of his work activities and earnings during this period. AR 18. The

21  evidence cited by the ALJ includes an October 2014 office visit during which Plaintiff stated that

22  he had stopped working in August 2014 due to a fall-related injury. AR 18, 723-24. The ALJ

23  also cited Plaintiff's July 2016 statements that he injured the back of his hand while "working"

24

1    with a piece of metal and that he resumed his drug use because he was "very stressed working 2

2    jobs." AR 18, 2102, 2117. The only evidence concerning the nature of Plaintiff's work activity is

3    his October 2017 statement that he was performing odd jobs around his building. AR 2218-19.

4            Besides engaging in drug trafficking and performing odd jobs around his building, the

5    only evidence that Plaintiff engaged in work activity after his application date consists of several

6    ambiguous statements from Plaintiff made during office visits. Plaintiff told Dr. Greenfield about

7    his drug-related criminal convictions. AR 714, 2239. There is nothing in the record to suggest

8    that Plaintiff's failure to inform Dr. Greenfield about the odd jobs he was doing around his

9    building had any impact on Dr. Greenfield's opinion.

10           With respect to the ALJ's fifth reason, an ALJ may discredit a claimant's testimony when

11   the claimant reports participation in everyday activities indicating capacities that are transferable

12   to a work setting. *See Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir.1999).

13           However, disability claimants should not be penalized for attempting to lead normal lives

14   in the face of their limitations. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998), citing

15   *Cooper v. Bowe*n, 815 F.2d 557, 561 (9th Cir.1987) (noting that a disability claimant need not

16   "vegetate in a dark room" in order to be deemed eligible for benefits); *see also Vertigan v.*

17   *Halter*, 260 F.3d 1044, 1050 (9th Cir.2001) ("This court has repeatedly asserted that the mere

18   fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car,

19   or limited walking for exercise, does not in any way detract from her credibility as to her overall

20   disability. One does not need to be 'utterly incapacitated' in order to be disabled."), citing *Fair v.*

21   *Bowen*, 885 F.2d 597, 603 (9th Cir.1989).

22           Here, the ALJ cited Plaintiff's ability to perform household chores, attend church, use

23   public transportation, and play the guitar as being inconsistent with Dr. Greenfield's opinion. AR

24

1   32. Plaintiff's ability to perform these basic activities of daily living cannot serve as a specific

2   and legitimate reason for discounting Dr. Greenfield's opinion. *See Diedrich v. Berryhill*, 874

3   F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying

4   bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping

5   outside the home, are not similar to typical work responsibilities.").

6           Accordingly, the ALJ did not provide any specific and legitimate reasons for discounting

7   Dr. Greenfield's opinions.

8           **B.      Dr. Eisenhauer.**

9           In January 2018, Dr. Eisenhauer reviewed Dr. Greenfield's December 2017 opinion for

10  DSHS. AR 2288-89. Dr. Eisenhauer concluded that Dr. Greenfield's diagnosis and the functional

11  limitations contained in his opinion were supported by the available medical evidence. *Id.* The

12  ALJ assigned "little weight" to Dr. Eisenhauer's opinion for the same reasons she discounted Dr.

13  Greenfield's opinions. AR 33. For the reasons discussed above, the ALJ's evaluation of Dr.

14  Greenfield's opinions is not supported by substantial evidence.

15          **II.     Whether the ALJ erred at step two of the sequential evaluation.**

16          Plaintiff maintains that the ALJ erred by finding that his Hepatitis C was a non-severe

17  impairment at step two of the sequential evaluation. Dkt. 10, pp. 8-10. Because Plaintiff will be

18  able to present new evidence and testimony on remand, and because the ALJ's reconsideration of

19  the medical opinion evidence may impact her RFC assessment, the ALJ shall re-consider step

20  two of the sequential evaluation on remand.

21          **III.    Remedy.**

22          The Court may remand a case "either for additional evidence and findings or to award

23  benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1992). Generally, when the Court

24

1  reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the

2  agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th

3  Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when

4  evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*,

5  211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

6         (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the
            claimant's] evidence, (2) there are no outstanding issues that must be resolved
7         before a determination of disability can be made, and (3) it is clear from the
            record that the ALJ would be required to find the claimant disabled were such
8         evidence credited.

9  *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir.

10  2002). The Court has determined that the ALJ must re-evaluate the opinions of Dr. Greenfield

11  and Dr. Eisenhauer. The Court further notes that Dr. Eisenhauer, while confirming Dr.

12  Greenfield's opinion that Plaintiff would have a range of moderate, marked, and severe mental

13  limitations, also noted that Plaintiff acknowledged a resumption of opioid use two days before

14  Dr. Greenfield's 2017 examination. AR 2288. Dr. Eisenhauer opined that the limitations

15  contained in Dr. Greenfield's 2017 opinion would only be valid for 6 months, and recommended

16  that Plaintiff be re-evaluated following 6 months of sustained sobriety. AR 2289. Therefore,

17  there are outstanding issues which must be resolved and remand for further administrative

18  proceedings is appropriate.

19

20

21

22

23

24

1

<u>CONCLUSION</u>

2      Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

3 Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

4 this matter is remanded for further administrative proceedings in accordance with the findings

5 contained herein. The Clerk is directed to enter judgment for Plaintiff and close the case.

6      Dated this 16th day of April, 2020.

7

8      _____
       David W. Christel
9      United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 11